UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JIMMY SANDERS, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 3-12-258 |
| § | |
| HUSQVARNA, INC., *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

The question in this removed products liability case is whether Plaintiff has sufficiently alleged a claim against an instate nonmanufacturing seller to warrant remand. Because Defendants have failed to demonstrate that there is no reasonable basis upon which Plaintiffs may recover from the nondiverse defendant, Plaintiffs' Motion to Remand is **GRANTED**.

### I.  BACKGROUND

Plaintiff Jimmy Sanders purchased a riding lawnmower manufactured by Defendant Husqvarna Consumer Outdoor Products from Defendant Conn's, Incorporated. On March 6, 2011, Sanders attempted to start the lawnmower, resulting in an explosion and fire that caused Sanders and three-year-old Trenity Sanders to sustain second and third degree burns and other injuries. Sanders and Charlotte Law-Sanders, individually and as next friend of Trenity Sanders,

subsequently filed a products liability suit against Husqvarna and Conn's in Texas state court.[1]

Husqvarna removed the case to this Court on diversity of citizenship grounds. *See* 28 U.S.C. §§ 1332; 1441. The parties do not contest that both Plaintiffs and Conn's are citizens of Texas. Husqvarna argues, however, that Conn's was added to the lawsuit solely to defeat diversity jurisdiction and not because any plausible claim exists against it. If Conn's was improperly joined, the Court may ignore Conn's Texas citizenship and exercise jurisdiction over this case. Otherwise, the case must be remanded.

## II.   THE LAW OF IMPROPER JOINDER

The improper joinder doctrine is a narrow exception to the complete diversity rule. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)). To establish improper joinder, the party seeking removal must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state

---

[1] Plaintiffs also filed suit against two other entities that Husqvarna maintains were dissolved in 1977 and 1984. *See* Docket Entry No. 1 ¶¶ 5–6. Because neither of these defendants is alleged to be a Texas resident, the issue of whether they are properly joined is irrelevant to the question before the Court.

court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citation omitted). Under the second test, the removing party must show "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

In assessing whether a plaintiff has a reasonable basis of recovery, the "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* "A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6)."[2] *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). The district court must resolve all factual disputes and state law ambiguities in favor of the plaintiff. *Travis*, 326 F.3d at 649. If there is no reasonable basis for recovery, the district court can conclude that the in-state defendant was improperly joined and exercise jurisdiction. *McDonal*, 408 F.3d at 183. But "[i]f even one of [the plaintiff's]

---

[2] The disparity between the post-*Iqbal* and *Twombly* federal pleading standard and the more lenient Texas fair-notice standard complicates the improper joinder analysis. *See Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335, at *12–13 (S.D. Tex. Jan. 20, 2011) (discussing the two standards). Most courts in this circuit have applied the state court standard, given this is the standard the plaintiff had to meet when filing the petition. *See, e.g.*, *Cal Dive Int'l, Inc. v. Chartis Claims, Inc.*, No. 1:11-CV-347, 2011 WL 5372268, at *5 & n.1 (E.D. Tex. Nov. 7, 2011) (collecting cases). This Court accordingly applies the state standard: "[W]hether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *KIW, Inc. v. Zurich Am. Ins. Co.*, No. H-05-3240, 2005 WL 3434977, at *3 (S.D. Tex. Dec. 14, 2005) (citation and quotation marks omitted).

many claims might be successful, a remand to state court is necessary." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 208 (5th Cir. 1983) (citation omitted).

### III.   ANALYSIS

Plaintiffs assert strict liability and negligence claims against Conn's. Docket Entry No. 1-2 ¶¶ 16–23. Husqvarna asserts that Conn's is exempt from liability under the Texas statute that provides immunity to nonmanufacturing sellers. *See* Tex. Civ. Prac. & Rem. Code Ann. § 82.003 (West 2012). Under this statute, a products liability claim against a nonmanufacturing seller must satisfy one of the seven immunity exceptions contained in section 82.003(a); if not, the seller is not liable for harm the product may have caused, even if the plaintiff's allegations would otherwise state a valid claim under Texas law. *See id.*; *Alonso ex rel. Estate of Cagle v. Maytag Corp.*, 356 F. Supp. 2d 757, 761 (S.D. Tex. 2005); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 82.001(2)  (defining a products liability action as an action "based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories"). The question whether Conn's is a proper party therefore turns on whether Plaintiffs have successfully pleaded one of these seven exceptions.[3]

---

[3] The present case is thus distinct from the Court's recent decision in which the plaintiff failed to allege any of the seven statutory exceptions. *See State Farm Lloyds v. Polaris Indus., Inc.*, No. 6-12-19, 2012 WL 3985128 (S.D. Tex. Sept. 11, 2012). The plaintiff in *Polaris* sued an in-state

Husqvarna insists that Plaintiffs "fail[ed] to allege any applicable exception to Conn's exemption from liability." Docket Entry No. 1 ¶ 14. Plaintiffs respond that they have sufficiently pleaded several exceptions, including section 82.003(a)(6). Docket Entry No. 11 ¶ 13. This section provides an exemption from liability when "the seller actually knew of a defect to the product at the time the seller supplied the product" and "the claimant's harm resulted from the defect." Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a)(6).

Turning to Plaintiffs' petition, they have alleged that the lawnmower had a defect, that Conn's "knew, or in the exercise of ordinary care should have known, that the [lawnmower] was defective and unreasonably dangerous to those persons likely to use [it] for the purpose and in the manner for which it was intended to be used," that Conn's was negligent in the lawnmower's sale, and that the defective lawnmower was the cause of Plaintiffs' injuries. Docket Entry No. 1-2 ¶¶ 13–15, 22–23. Reading the allegations "leniently in favor of remand," *Boone*, 416 F.3d at 388, the Court finds that they are sufficient to allege the exception listed in section 82.003(a)(6).

A similar improper joinder question was presented in *Shields v. Bridgestone Firestone N. Am. Tire, LLC*, 502 F. Supp. 2d 497 (W.D. Tex. 2005). The plaintiff

---

nonmanufacturing seller who was also a post-sale servicer of an allegedly defective vehicle. *Id.* at *1. The Court found the in-state defendant improperly joined because the petition did not allege a statutory immunity exception and the remand argument focused on negligent post-sale servicing of the vehicle, a claim the Court held failed as a matter of law. *Id.* at *2–3.

alleged that the in-state defendant "failed to give adequate warnings of [product] dangers that were *known* or by the anticipation of reasonable developed human skill and foresight should have been known" and that the defects "were a producing cause of the occurrence, injuries and/or . . . damages."  *Id.* at 501 (emphasis in original).  The court found these allegations sufficient to satisfy section 82.003(a)(6) and warrant remand.  *Id.* at 502; *see also Reynolds v. Ford Motor Co.*, No. 5:04CV085-C, 2004 WL 2870079, at *3 (N.D. Tex. Dec. 13, 2004) ("[A] plaintiff's pleading that a [nonmanufacturing seller] 'knew' or had 'full knowledge' of the alleged defect at the time of the sale is sufficient when viewed in a light most favorable to the plaintiff." (citation omitted)).

Husqvarna argues that Plaintiffs' petition does not contain sufficient factual allegations to support actual knowledge, and distinguishes many of the numerous, similar cases granting motions to remand on the grounds that the allegations in those cases were more specific.  Docket Entry No. 15 at 8–19.  But except for a few of those cases in which the plaintiff made specific allegations about manufacturer recalls that placed the seller on notice, *see Mawer v. DaimlerChrysler Corp.*, No. C-06-154, 2006 WL 2405030, at *1–2 (S. D. Tex. Aug. 10, 2006); *Reynolds*, 2004 WL 2870079, at *1, 3–4, the additional detail alleged in those cases did not relate to the in-state seller's knowledge of the defect but only to the nature of the defect itself.  *See, e.g.*, *Watkins v. Gen. Motors, LLC*,

No. H-11-2106, 2011 WL 3567017, at *2–3 (S.D. Tex. Aug. 12, 2011); *Salazar v. Merck & Co., Inc.*, No. 05-445, 2005 WL 2875332, at *3 (S.D. Tex. Nov. 2, 2005); *Norris v. Bombardier Recreational Prods., Inc.*, No. 1:08-CV-525, 2009 WL 94531, at *5 (E.D. Tex. Jan. 12, 2009). Sanders's allegations concerning Conn's' knowledge of a defect are thus at a similar, admittedly low, level of specificity as in these cases in which courts granted remand. *See Shields*, 502 F. Supp. 2d at 499-502 *(*failing to provide specific details concerning how the seller knew of the manufacturing defect); *Salazar*, 2005 WL 2875332, at *3 (same); *Watkins*, 2011 WL 3567017, at *2–3 (same); *Norris*, 2009 WL 94531, at *5 (same).

Remand in such situations is consistent with the notice pleading standard and the limited jurisdiction of federal courts. That limited jurisdiction requires defendants to meet a heavy burden in establishing improper joinder. Defendants have not met the burden of showing "there is absolutely no possibility that the plaintiff will be able to establish a cause of action" against the in-state seller in state court. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). Remand is therefore warranted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (Docket Entry No. 11) is **GRANTED**.

**IT IS ORDERED** that the above-captioned cause is **REMANDED** to the 23rd Judicial District Court of Brazoria County, Texas.

**IT IS FINALLY ORDERED** that the Clerk shall close this matter.

SIGNED this 22nd day of October, 2012.

_____
Gregg Costa
United States District Judge